IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 21-** |
| v. : | **DATE FILED:** |
| **DANIEL DURAN** : | **VIOLATIONS:** |
| **JACQUELINE VELAZQUEZ** | 18 U.S.C. § 1341 (mail fraud – 7 counts) |
| : | Notice of Forfeiture |

# INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. From on or about December 2018 through March of 2020, in the Eastern District of Pennsylvania, and elsewhere, defendants

**DANIEL DURAN and
JACQUELINE VELAZQUEZ,**

alone and with co-schemers known and unknown to the United States Attorney, devised and intended to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises; that is, defendant DURAN, defendant VELAZQUEZ and their co-schemers fraudulently persuaded elderly individuals to send thousands of dollars in cash to the schemers purportedly to help the elderly individuals' grandchildren pay legal or other expenses in connection with alleged vehicular accidents.

## MANNER AND MEANS

2. Co-schemers of defendants DANIEL DURAN and JACQUELINE VELAZQUEZ telephoned elderly individuals ("the elderly victims") throughout the United States and, while posing as their grandchildren or their grandchildren's lawyer, told them that

1

their loved one, generally their grandchild, had been involved in a vehicular accident. The co-schemers told the elderly victims that their grandchildren needed a particular sum of money – at least several thousand dollars – to pay for medical, legal, or court expenses related to the alleged accident.  The statements to the elderly victims were false.  Their grandchild was not involved in a vehicular accident.

3. In those telephone calls, to further convince the elderly victims to send the requested money, the co-schemers described the grandchild's situation as increasingly serious by claiming the following: that the grandchild had been arrested for driving under the influence; that a pregnant woman was involved in the accident; that the pregnant woman or her unborn child were injured or killed; and that the grandchild would not be released from prison without additional funds.

4. Defendants DANIEL DURAN and JACQUELINE VELAZQUEZ identified properties in Pennsylvania, including in Reading, in the Eastern District of Pennsylvania, where they could receive packages of money sent by the elderly victims.  These properties were often abandoned or unoccupied homes, or properties belonging to friends or family of defendants DURAN and VELAZQUEZ.

5. In the telephone calls, the co-schemers directed the elderly victims to send money for their grandchildren to the properties identified by defendants DANIEL DURAN and JACQUELINE VELAZQUEZ, including in Reading, Pennsylvania, in the Eastern District of Pennsylvania.

6. To ensure that the elderly victims' cash would arrive safely to defendants DANIEL DURAN, JACQUELINE VELAZQUEZ, or other co-schemers, the co-schemers directed the victims to tape cash inside a magazine, place the magazine in packaging for mailing,

and then send the package to a designated address via an overnight service such as the United States Postal Service Priority Mail, Federal Express, and United Parcel Service.

7. Defendants DANIEL DURAN and JACQUELINE VELAZQUEZ also recruited individuals to assist them in retrieving the packages of money when they were delivered to the properties that they had selected.

8. As a result of this scheme, defendants DANIEL DURAN, JACQUELINE VELAZQUEZ, and their co-schemers defrauded at least ten elderly victims of at least $300,000.

## MAIL FRAUD

9. On or about each of the following dates, in the Eastern District of Pennsylvania, defendants

**DANIEL DURAN and
JACQUELINE VELAZQUEZ,**

alone and with co-schemers known and unknown to the United States Attorney, for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be delivered by United States Mail and commercial interstate carriers, according to the directions thereon, the following:

| COUNT | DATE | FROM | TO | DESCRIPTION OF MAILING |
|---|---|---|---|---|
| ONE | Sept. 17, 2019 | M.P., a victim known to the U.S. Attorney, in Bangor, Maine | Reading, Pennsylvania | Approximately $4,000 in United States currency sent via Federal Express |
| TWO | Oct. 29, 2019 | R.W., a victim known to the U.S. Attorney, in Stockbridge, Georgia | Reading, Pennsylvania | Approximately $7,500 in United States currency sent via Federal Express |
| THREE | Nov. 6, 2019 | R.H., a victim known to the U.S. Attorney, in Wellsville, NY | Reading, Pennsylvania | Approximately $4,500 in United States currency sent via United States Postal Service |

| COUNT | DATE | FROM | TO | DESCRIPTION OF MAILING |
|---|---|---|---|---|
| FOUR | Nov. 8, 2019 | R.H., a victim known to the U.S. Attorney, in Wellsville, NY | Reading, Pennsylvania | Approximately $6,500 in United States currency sent via United States Postal Service |
| FIVE | Nov. 9, 2019 | J.T., a victim known to the U.S. Attorney, in Holden, MA | Reading, Pennsylvania | Approximately $9,500 in United States currency sent via Federal Express |
| SIX | March 9, 2020 | J.M., a victim known to the U.S. Attorney, in Rangely, CO | Reading, Pennsylvania | Approximately $8,500 in United States currency sent via United States Postal Service |
| SEVEN | March 10, 2020 | M.V.D., a victim known to the U.S. Attorney, in Tulsa, OK | Reading, Pennsylvania | Approximately $9,000 in United States currency sent via Federal Express |

All in violation of Title 18, United States Code, Sections 1341.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1341 set forth in this information, defendants

**DANIEL DURAN and
JACQUELINE VELAZQUEZ**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, including but not limited to, the sum of $63,400.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and 28 U.S.C. Section 2461(c).

_Ronald Sarock for_
_____
**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

DANIEL DURAN
JACQUELINE VELAZQUEZ

INFORMATION
Count
18 U.S.C. § 1341 (mail fraud– 7 counts)
Notice of Forfeiture

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Clerk

Bail, $_____